John M. Naylor
Nevada Bar No. 5435
Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(t) (702) 420-7000
(f) (702) 420-7001
jnaylor@naylorandbrasterlaw.com
jbraster@naylorandbrasterlaw.com

Attorneys for Midland Credit
Management, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY TOTH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:15-cv-00018-RFB-NJK<br><br>**ANSWER** |

Midland Credit Management, Inc. ("MCM") answers the Complaint as follows:

1.      Answering paragraph 1, MCM admits that the Fair Debt Collection Practices Act ("FDCPA") was enacted as 15 U.S.C. § 1692 *et seq.*  MCM denies Plaintiff's characterization of the FDCPA and the statute speaks for itself.  Except as specifically admitted, MCM denies all remaining allegations in paragraph 1.

2.      MCM denies the allegations in paragraph 2.

3.      MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 3 and therefore denies them.

4.      Answering paragraph 4, MCM admits Plaintiff has alleged a violation of the FDCPA.  Except as specifically admitted, MCM denies all remaining allegations in paragraph 4.

5.      MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 5 and therefore denies them.

1      6.      MCM denies the allegations in paragraph 6.

2      7.      MCM denies the allegations in paragraph 7.

3      8.      Answering paragraph 8, MCM admits federal question jurisdiction exists as this case arises out of an alleged violation of the FDCPA.  Except as specifically admitted, MCM denies all remaining allegations in paragraph 8.

9.      Answering paragraph 9, MCM admits Plaintiff has alleged MCM violated the FDCPA.  Except as specifically admitted, MCM denies all remaining allegations in paragraph 9.

10.      Answering paragraph 10, MCM admits it is registered with the State of Nevada as a foreign corporation.  Except as specifically admitted, MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining matters alleged in paragraph 10 and therefore denies them.

11.      MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 11 and therefore denies them.

12.      Answering paragraph 12, MCM admits that MCM has at times acted as a debt collector as defined by 15 U.S.C. § 1692a(6).  Except as specifically admitted, MCM denies all remaining allegations in paragraph 12.

13.      Answering paragraph 13, MCM admits that MCM has at times acted as a debt collector as defined by 15 U.S.C. § 1692a(6).  Except as specifically admitted, MCM denies all remaining allegations in paragraph 13.

14.      MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 14 and therefore denies them.

15.      Answering paragraph 15, MCM admits that Plaintiff is an individual.  MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining matters alleged in paragraph 15 and therefore denies them.

16.      MCM denies the allegations in paragraph 16.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

17.     MCM admits that Plaintiff did obtain a Bank of America Bass Pro Shops Conservation Card and subsequently failed to pay all amounts due and owing on the card. Except as specifically admitted, MCM denies the allegations in paragraph 17.

18.     MCM lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 18 and therefore deny them.

19.     Answering paragraph 19, MCM admits that Midland Funding LLC purchased a debt of Plaintiff.  Except as specifically admitted, MCM denies the allegations in paragraph 19.

20.     Answering paragraph 20, MCM admits that it sent a letter to Plaintiff dated January 4, 2014, which speaks for itself.  MCM denies any inconsistent characterization of the same and the remaining allegations in paragraph 20.

21.     Answering paragraph 21, MCM admits that Plaintiff sent a letter to MCM dated February 12, 2014.  In that letter, Plaintiff elected private arbitration of "this dispute and alleged debt."  Except as specifically admitted, MCM denies the allegations in paragraph 21.

22.     Answering paragraph 22, MCM admits that it telephoned Plaintiff on January 23, 2014, and spoke with Plaintiff.  Except as specifically admitted, MCM denies the allegations in paragraph 22.

23.     Answering paragraph 23, MCM admits that it attempted to telephone Plaintiff on more than one occasion.  Except as specifically admitted, MCM denies the allegations in paragraph 23.

24.     Answering paragraph 24, the statute referred to therein speaks for itself.  MCM denies any inconsistent characterization of the same.

25.     MCM denies the allegations in paragraph 25.

26.     MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 26 and therefore denies them.

27.     MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 27 and therefore denies them.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

3 of 8

28.    MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 28 and therefore denies them.

29.    Answering paragraph 29, the statute referred to therein speaks for itself.  MCM denies any inconsistent characterization of the same and the remaining allegations in paragraph 29.

30.    MCM lacks knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 30 and therefore denies them.

31.    MCM denies the allegations in paragraph 31.

32.    MCM denies the allegations in paragraph 32.

33.    MCM denies the allegations in paragraph 33.

34.    MCM denies the allegations in paragraph 34.

35.    MCM denies the allegations in paragraph 35.

36.    MCM denies the allegations in paragraph 36.

37.    MCM denies the allegations in paragraph 37.

38.    MCM denies the allegations in paragraph 38.

39.    MCM denies the allegations in paragraph 39.

40.    MCM denies the allegations in paragraph 40.

41.    MCM denies the allegations in paragraph 41.

42.    MCM denies the allegations in paragraph 42.

43.    MCM denies the allegations in paragraph 43.

44.    MCM denies the allegations in paragraph 44.

45.    Answering paragraph 45, MCM incorporates by reference its responses to paragraphs 1 through 44.

46.    MCM denies the allegations in paragraph 46.

47.    MCM denies the allegations in paragraph 47.

48.    Answering Plaintiff's Prayer for Relief, MCM denies Plaintiff is entitled to any of the relief requested therein.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

4 of 8

**Affirmative Defenses**

1.    Plaintiff's claims are barred by the arbitration provisions in the applicable credit card agreement(s).

2.    The allegations in the complaint fail to state a claim upon which relief may be granted.

3.    To the extent that any violation of law occurred, which MCM expressly denies, such violation was not intentional and resulted from bona fide error notwithstanding the maintenance by MCM of procedures reasonably adapted to avoid any such error.

4.    Plaintiff's claims and that of the alleged members of the putative class are barred by the doctrine of unclean hands.

5.    MCM acted in good faith at all times in their dealings with Plaintiff and the alleged members of the putative class, and if any conduct by MCM is determined to be unlawful, which MCM expressly denies, such conduct is not willful and should not give rise to liability.

6.    Plaintiff and the alleged members of the putative class have failed to take reasonable steps to mitigate his damages, if any, and therefore are barred from recovering such damages from MCM.

7.    MCM has, at all relevant times, acted in good faith with respect to Plaintiff and the alleged members of the putative class in an effort to comply with all applicable laws.

8.    Without admitting that any damages exist, if any damages were suffered by Plaintiff or the alleged members of the putative class, they were proximately caused by and contributed by persons other than MCM.  The liability, if any exists, should be apportioned among MCM and other responsible parties.

9.    Plaintiff's claims against MCM and those of the alleged members of the putative class are barred, in whole or in part, to the extent that any injury or loss sustained was caused by increasing or supervening events over which MCM had or has no control.

10.    To the extent that Plaintiff and the alleged members of the putative class have suffered any damages as a result of MCM's acts or omissions, which MCM denies, MCM is

entitled to equitable indemnity from other persons or entities causing or contributing to such damages, if any.

11.    Plaintiff's action cannot be properly maintained as a class action because Plaintiff has failed to plead, and cannot establish the necessary procedural elements for class treatment.

12.    Plaintiff's action cannot be properly maintained as a class action because a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint.

13.    Plaintiff's action cannot be properly maintained as a class action because common issues of fact or law do not predominate and to the contrary, individual issues predominate.

14.    Plaintiff's action cannot be properly maintained as a class action because Plaintiff's claims are not representative or typical of claims of the putative class.

15.    Plaintiff's action cannot be properly maintained as a class action because Plaintiff is not a proper class representative.

16.    Plaintiff's action cannot be properly maintained as a class action because Plaintiff and the alleged putative class counsel are not adequate representatives for the alleged putative class.

17.    Plaintiff's action cannot be properly maintained as a class action because Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate or constitutional.

18.    Plaintiff's action cannot be properly maintained as a class action because there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class.

19.    Plaintiff's action cannot be properly maintained as a class action because the alleged putative class is not ascertainable, nor are its members identifiable.

20.    Plaintiff's claims are barred by the forum selection clauses in the applicable credit card agreement(s).

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

6 of 8

1       WHEREFORE, MCM requests that the Court enter judgment in favor of MCM and

2   against Plaintiff on all of Plaintiff's claims and those of the alleged members of the putative

3   class, and that:

4       A.      Plaintiff and the alleged members of the putative class take nothing by way of

5   their Complaint,

6       B.      The Court award MCM its reasonable attorney's fees and costs, and

7       C.      The Court award MCM such other relief as it deems just and equitable.

8   Dated this 28th of January, 2015.

                                    NAYLOR & BRASTER
9

10                                  By:    /s/ Jennifer L. Braster
                                           John M. Naylor
11                                         Nevada Bar No. 5435
                                           Jennifer L. Braster
12                                         Nevada Bar No. 9982
                                           1050 Indigo Drive, Suite 112
13                                         Las Vegas, NV 89145

14                                  Attorneys for Midland Credit Management, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of NAYLOR & BRASTER and that on this <u>28th</u> day of January 2015, I caused the document **ANSWER** to be served by the Court's CM/ECF System to the following:

Danny J. Horen, Esq.
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorney for Plaintiff*

/s/ Amy Reams
An Employee of NAYLOR & BRASTER